NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 9, 2011[*]
Decided February 9, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-1848

| | |
|---|---|
| LARRY EASON, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Western Division. |
|     *v.* | |
| | No. 07 C 50015 |
| RUTH NOLAN, et al., | |
|     *Defendants-Appellees.* | Frederick J. Kapala, *Judge.* |

**O R D E R**

Larry Eason sued several employees of the Illinois Department of Children and Family Services and the Children's Home and Aid Society of Illinois under 42 U.S.C. § 1983, but only his retaliation claim under the First Amendment survived the defendants' motions to dismiss. After the defendants moved for summary judgment, Eason opposed the motion,

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

and in his response to their statements of material facts he incorporated additional facts. But Eason did not submit a separate statement of additional facts as required by Local Rule 56.1(b)(3), and so the district court refused to consider any of the new facts in his response. *See Fed. Trade Comm'n v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005). Even if it had considered those facts, the court added, Eason still had not presented sufficient evidence of retaliation, and so the court granted summary judgment for the defendants.

On appeal Eason insists that his response "could be construed as complying" with Rule 56.1 because it incorporated additional facts. But district courts may demand strict compliance with Rule 56.1, and a party runs afoul of the rule by commingling the separate requirements into one response. *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 643-44 (7th Cir. 2008). Thus the district court did not abuse its discretion when it disregarded the additional facts that Eason included in his response. *Id.*; *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809-10 (7th Cir. 2005).

Eason also maintains without elaboration that the district court ignored the "piles of facts sufficient to establish" his retaliation claim. But we do not consider such generalized assertions of error, even from pro se litigants. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

AFFIRMED.